# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 3, 2014

Lyle W. Cayce
Clerk

No. 14-10627

—————

CAMPBELL HARRISON & DAGLEY, L.L.P.

Plaintiffs

LISA BLUE; BARON AND BLUE; CHARLA ALDOUS, doing business as Aldous Law Firm; LAW OFFICES OF STEPHEN F. MALOUF, P.C.,

Intervenor Plaintiffs – Appellees

v.

ALBERT G. HILL, III, Individually, and as a Beneficiary of the Margaret Hunt Trust Estate, derivatively on behalf of the Margaret Hunt Trust Estate, individually, As a beneficiary of the Haroldson Lafayette Hunt, Jr. Trust Estate, and derivatively on behalf of the Haroldson,; ERIN NANCE HILL,

Defendants – Appellants

———————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 10-CV-02269

———————————————

Before HIGGINBOTHAM, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In this action, the Intervenor Plaintiffs – Appellees move to dismiss part of this appeal as frivolous under Fifth Circuit Rule 42.2. For the foregoing reasons, we GRANT the motion.

I.

This case is part of a long-running litigation related to the management of two trusts, originally created by H.L. Hunt, the eventual settlement of that dispute and the resulting award of attorneys' fees to the intervenor plaintiffs (collectively, "BAM") in the case at bar.[1] In 2012, the defendant-appellant in this suit, Albert G. Hill, III ("Hill"), appealed the district court's award of fees to the intervenor plaintiffs to this court. We ruled that the appeal was barred by a valid appeal waiver agreement between the parties,[2] which stated:

> The parties agree that [Magistrate] Judge Toliver's ruling on the Fee Dispute can be appealed only to [District] Judge O'Connor . . . . Other than the appeal to Judge O'Connor specifically provided for herein, the Parties agree to waiver all other right to appeal on any grounds, including but not limited to the grounds of personal or subject matter jurisdiction or any substantive or procedural basis including but not limited to an appeal to the United States Court of Appeals for the Fifth Circuit and/or the United States Supreme Court.[3]

After the appeal was decided, Hill moved in the district court to vacate the fee award pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b)"), which the district court denied. Hill now appeals the denial of that Rule 60(b) motion.

II.

BAM argues that this appeal is barred by the appeal waiver. We agree. Explaining why requires us to review the litigation history of this dispute in some detail. On December 31, 2011, the district court entered an opinion and

---

[1] For a concise history of this dispute, *see Hill* v. *Schilling*, 495 F. App'x 480, 482-83 (5th Cir. 2012).

[2] *Id.* at 487-88.

[3] *Id.* at 488.

## No. 14-10627

order in favor of the BAM, which was docketed at ECF No. 379.[4]  A judgment was issued on January 10, 2012, which was docketed at ECF No. 384.  Hill appealed these two orders,[5] and, as discussed above, on October 26, 2012, we dismissed that appeal as barred by the waiver agreement.[6]  After the appeal was issued, Hill moved in the district court to vacate the order, opinion, and judgment docketed at ECFs No. 379 and 384.[7]  The district court denied that motion on May 29, 2014, in an opinion and order docketed at ECF No. 566.[8]  The appeal of that order denying the Rule 60(b) motion is at issue here.[9]

Hill argues that the appellate waiver at issue in our first decision concerns an entirely different set of disputes than those before us now.  We cannot agree.  As discussed above, despite the convoluted chain of filings, Hill is attempting to appeal the same fee dispute at issue in the original appeal – having found the direct route blocked by our first decision, he now tries a roundabout route via a Rule 60(b) motion.  That motion, however, merely seeks to unwind the same original district court decisions – docketed at ECF Nos. 379 and 384 – which this court has already held are unreviewable.  Given the broad language of the appellate waiver, which forbids "all other rights to appeal [other than to the district court] on *any* grounds" of the fee dispute,[10] we cannot conclude that merely changing the procedural vehicle by which the dispute is challenged creates a right to appeal expressly waived by contractual agreement.  Accordingly, we GRANT the motion and DISMISS the appeal.[11]

---

[4] Mem. Opinion & Order, ECF No. 379

[5] Judgment, ECF No. 384.

[6] *Hill*, 495 F. App'x at 488.

[7] Hill's Mot. Post-Judgment Relief Pursuant Fed. R. Civ. P. 60(b), ECF No. 470.

[8] Mem. Opinion & Order, ECF No. 566.

[9] Not. Appeal, ECF No. 567.

[10] *Hill*, 495 F. App'x at 487 (emphasis added).

[11] To clarify, we dismiss only the appeal docketed at ECF No. 567.

No. 14-10627

Also pending is Hill's motion for leave to obtain sealed documents in the record on appeal. Hill offers no explanation for why these documents are necessary to the disposition of this appeal. As such, the motion is DENIED.